IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 05-4238-CV-C-NKL ) |
| SAWMILL HYDRAULICS, INC., and | ) ) |
| GARY EADS, | ) ) ) |
| Defendants. | |

ORDER

Pending before the Court is Defendants Gary Eads's ("Eads") Motion to Reconsider, to Amend, and to Dismiss Defendant Sawmill Hydraulics, Inc. [Doc. # 23]. For the reasons set forth below, the Motion will be Granted in Part and Denied in Part.

On October 30, 2001, Eads filed a Petition against Defendant Sawmill Hydraulics, Inc. ("Sawmill"), in the Circuit Court of Jackson County, Missouri. Although Sawmill passed the complaint on to its insurer, Cincinnati Insurance Company ("Cincinnati"), Cincinnati claims that it informed Sawmill that the policy did not provide coverage for the Eads suit. A representative from Sawmill allegedly signed a Waiver of Coverage Claim on Mach 28, 2002. Eads and Sawmill reached a settlement agreement on July 11, 2005, after Sawmill stipulated to its liability. Def.'s Mot. to Recons., Ex. A. [Doc. # 23-2].

1

Based on Sawmill's alleged waiver and the language of the policy itself, Cincinnati filed this action against Sawmill and Eads in United States District Court on July 29, 2005, seeking a declaration that it had no duty or obligation to indemnify Sawmill for the settlement in Eads's underlying state court lawsuit. The Summons and Complaint were served upon Sawmill on August 8, 2005. Under Fed. R. Civ. P. 12, Sawmill's responsive pleading was due on or before August 29, 2005. After Sawmill failed to respond, Cincinnati filed a Motion for Default Judgment as to Sawmill [Doc. # 8] on September 9, 2005. When Sawmill failed to respond again, the Court issued an Order to Show Cause [Doc. # 15] why Plaintiff's Motion for Default Judgment should not be granted. For a third time Sawmill failed to respond, so the Court granted Cincinnati's Motion for Default Judgment on November 9, 2005, declaring (1) that Cincinnati had no obligation to defend or indemnify Sawmill for any claims or suits filed by Gary Eads, (2) that the insurance policies issued to Sawmill provided no coverage for any claim against Sawmill arising out of Eads's petition, and (3) that Cincinnati had no obligation to satisfy the final Judgment in the Eads lawsuit. (Order [Doc. # 22]).

At no time prior to the issuance of that Order did Eads object to Cincinnati's Motion for Default Judgment. Nor did Eads suggest to the Court that Sawmill's insurance claim against Cincinnati had been assigned to him. Instead, nearly two weeks after this Court's Declaration of Rights against Sawmill, Eads filed the pending Motion for Reconsideration [Doc. # 23] on the grounds that the Declaration of Cincinnati's Rights against Sawmill cannot affect Eads's rights since Eads was not in default. He

2

further argued for the first time that any rights Sawmill had under the insurance policy had been assigned to him and, therefore, Cincinnati's complaint did not state a claim against Sawmill.

In support of his position, Eads cites *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 328 (D. Mich. 2000). In that case, the U.S. District Court for the Western District of Michigan considered a Motion for the Clerk to Enter a Default Judgment against three of five defendants in an insurance company's Declaratory Judgment suit. As in the present case, an insurance company had filed for a declaratory judgment that a policy owned by one of the defendants did not cover damages owed by that defendant to another defendant in an underlying state court action. That court did find the non-answering defendants (the defendants in the underlying state case) to be in default, but it refused to enter a clerk's judgment of default against them at that time because doing so would prevent the answering defendants (plaintiffs in underlying state case) from pursuing a trial on the merits of the coverage issue. Eads argues that he is in the same position as the non-defaulting defendants in *Northland*. Moreover, he argues that, as the assignee of Sawmill's policy rights against Cincinnati, he should be allowed to try the issue of Cincinnati's obligation to cover Sawmill's settlement with Eads.

Cincinnati notes correctly that the non-defaulting defendants in *Northland* resisted the plaintiff insurance company's Motion for Default Judgment, whereas Eads did not object when the motion was filed and did not respond to the Court's Show Cause Order.

Assuming Sawmill did assign whatever rights it may have had under the Cincinnati policy to Eads, even after Sawmill was in default, Eads should have notified the Court of the assignment and should have resisted the Motion for Default Judgment as the litigants did in *Northland*. Nevertheless, in considering a Motion for Default Judgment, the Court's primary concern is whether anyone intends to defend the suit. By his Motion to Reconsider, Eads has voiced his intention to do so and identified how he would be injured if the Court refused to set aside the default judgment. Because the Court prefers to resolve matters on the merits where feasible, it will vacate its Order of November 9, 2005, and instead will enter default against Sawmill. It will determine at a later date whether a default judgment should be entered against Sawmill.

The Court denies without prejudice Eads's Motion to Dismiss Sawmill because of the purported assignment. Cincinnati has raised a legitimate concern about the application of *res judicata* to Sawmill in the event it is dismissed from this lawsuit.

Accordingly, it is hereby

ORDERED that Defendant Eads's Motion to Reconsider [Doc. # 23] is GRANTED in part and DENIED in part. The Court's entry of Default Judgment against Defendant Sawmill [Doc. # 22] is VACATED. Instead, the Court enters an order of default against Sawmill. It is further

4

Case 2:05-cv-04238-NKL   Document 29   Filed 01/12/06   Page 4 of 5

ORDERED that Eads's Motion to Dismiss Sawmill is DENIED.

                                                s/ Nanette K. Laughrey
                                                NANETTE K. LAUGHREY
                                                United States District Judge

Dated: January 12, 2006
Jefferson City, Missouri

5

Case 2:05-cv-04238-NKL   Document 29   Filed 01/12/06   Page 5 of 5